IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERA WILLIAMS and | : | |
| T'JUANNE WILLIAMS, | : | No. 1:12-CV-1566 |
|     Plaintiffs | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CITY OF HARRISBURG, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Presently pending before the Court is Defendant City of Harrisburg's motion to dismiss Plaintiffs Tera Williams and T'Juanne Williams's complaint in part. (Doc. No. 9.) For the reasons that follow, the Court will grant the motion and dismiss Counts II and V of the complaint without prejudice.

**I.　BACKGROUND**[1]

On August 10, 2012, Plaintiffs initiated this action by filing a complaint against the City of Harrisburg, Officer Matthew Haflett, and four unnamed police officers. (Doc. No. 1.) Plaintiffs' complaint alleges four claims pursuant to 42 U.S.C. § 1983, and two state-law claims, arising out of an August 3, 2011 altercation between Plaintiff Tera Williams and five members of the Harrisburg Police Department. (Id. ¶ 8.) According to their complaint, Ms. Williams and her daughter, T'Juanne Williams, were sitting outside their home when they witnessed a group of armed teenagers approaching another neighborhood youth in, what she believed, was an

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiffs' factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

1

attempt to incite a fight.  (Id. ¶¶ 8-10.)  Plaintiff Tera Williams immediately went inside her home to report the incident to the police.  (Id. ¶ 11.)  Thereafter, she discovered that a neighbor had successfully dispersed the teenagers and warded off a fight.  (Id. ¶¶ 13-14.)  Ms. Williams then approached her neighbor to calm her down, when police officers arrived on the scene.  (Id. ¶¶ 15-16.)

While Ms. Williams descended her steps to console her distraught neighbor, Plaintiffs allege that Officer Matthew Haflett grabbed her by the arm and demanded to speak with her.  (Id. ¶ 17.)  After she asked Officer Haflett to let go of her arm, he again grabbed her and demanded to speak with her.  Plaintiffs allege that the officer then "slammed her to the ground, face and chest facing the ground."  (Id. ¶ 21.)  Once on the ground, Plaintiffs allege that at least five police officers held Ms. Williams down "with an officer's foot on her neck, another drove his knee into [her] back and others held down her feet and lower torso, while they handcuffed her."  (Id. ¶ 22.)  Once she was restrained, Plaintiffs allege that Ms. Williams was placed into a police cruiser and driven to a local convenience store where she was released and left to "limp back" to her home in a great deal of pain while "bleeding profusely."  (Id. ¶¶ 22-40.)  Plaintiffs allege that the "assault on Plaintiff Tera Williams took place within inches of the horrified Plaintiff T'Juanne Williams."  (Id. ¶ 26.)

As a result of the incident, Plaintiff Tera Williams alleges that she "suffered a bruised rib cage, torn ACL, a pinched nerve in lower back, and other serious physical injuries."  (Id. ¶ 44.)  She further alleges that, as a result of those injuries, she is in constant pain, unable to return to work, and unable to financially provide for herself and her daughter, Plaintiff T'Juanne Williams.  (Id. ¶¶ 45-49.)

Plaintiffs allege that the police officers violated their constitutional rights, and are liable under state and federal law. On October 8, 2012, Defendant City of Harrisburg moved to dismiss Plaintiffs' complaint against it. (Doc. No. 9.)

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

## III.     DISCUSSION

In their complaint, Plaintiffs have asserted the following six causes of action: (1) a Section 1983 claim, alleging several constitutional violations, brought by Plaintiff Tera Williams against the individual Defendants (Count I); (2) a Monell claim brought by Plaintiff Tera Williams against Defendant City of Harrisburg (Count II); (3) supplemental state-law claims brought by Defendant Tera Williams against the individual Defendants (Count III); (4) a Section 1983 claim brought by Plaintiff T'Juanne Williams against the individual Defendants (Count IV); (5) a Monell claim brought by Plaintiff T'Juanne Williams against Defendant City of Harrisburg (Count V); and (6) supplemental state-law claims brought by T'Juanne Williams against the individual Defendants (Counts VI). (Doc. No. 1.) Defendant City of Harrisburg moved to dismiss Counts II and V of the complaint, the only counts that are raised against it. (Doc. No. 9 ¶¶ 6-8.) First, Defendant argues that Plaintiffs' claim for punitive damages must be dismissed because federal law does not authorize the imposition of punitive damages in this case. Next, Defendant City of Harrisburg argues that the Section 1983 claims raised against it for failure to train its employees must be dismissed because Plaintiffs have failed to plead a valid Monell claim. Finally, Defendant City of Harrisburg argues that all claims against it by Plaintiff T'Juanne Williams must be dismissed because she has failed to sufficiently plead an underlying constitutional violation. The Court will address each argument in turn.

First, Defendant City of Harrisburg argues that punitive damages are not recoverable against it. (Doc. No. 10 at 3.) Plaintiffs responded that they do not seek punitive damages against the City of Harrisburg. (Doc. No. 14 at 3.) Indeed, "the United States Supreme Court has unambiguously held that punitive damages may not be recovered against a municipal defendant" in a Section 1983 claim. Lakits v. York, 258 F. Supp. 2d 401, 408 (E.D. Pa. 2003)

4

(citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)). Accordingly, to the extent that Plaintiffs' complaint can be construed as seeking punitive damages against the City of Harrisburg, that claim is dismissed with prejudice.

Second, Defendant City of Harrisburg moved to dismiss all claims against it, for failure to state a claim. (Doc. No. 10 at 3-6.) Plaintiffs Tera and T'Juanne Williams both assert Section 1983 claims against Defendant City of Harrisburg for failing to adequately train its employees, resulting in constitutional violations. Specifically, Plaintiffs allege that the City of Harrisburg failed to provide its officers with sensitivity training in race relations, and that the City knew or should have known that the interaction between white officers and residents of predominantly black communities "creates a risk of harm for all in emotionally charged and volatile situations." (Doc. No. 1 ¶¶ 55-56, 79-80.) Plaintiffs further allege that the lack of proper race relations training caused the constitutional violations lodged against the individual Defendants, arising from the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. (Id. ¶¶ 57, 81.) In its motion to dismiss, Defendant City of Harrisburg argues that these claims must be dismissed because they have not been pleaded with the specificity necessary to demonstrate an entitlement to relief. (Doc. No. 9 ¶ 8.)

As a general rule, "a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). However, "there are limited circumstances in which an allegation for a 'failure to train' can be the basis for [municipal] liability under § 1983." City of Canton v. Harris, 489 U.S. 378, 387 (1989). To state a claim for failure to train, a plaintiff must establish that the supervising defendant's "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388. The standard of deliberate indifference is, however, a "stringent

5

standard of fault," which requires proof that the supervisor "disregarded a known or obvious consequence of his action." Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (citing Bryan Cnty., 520 U.S. at 409). Additionally, a "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees" may constitute deliberate indifference. Id. (quoting Bryan Cnty., 520 U.S. at 409).

The United States Court of Appeals for the Third Circuit has noted the difficulty of establishing a constitutional violation for failure to train:

> To succeed on a § 1983 claim, the party must prove that the training deficiency actually caused the injury . . . . Establishing municipal liability on a failure to train claim under § 1983 is difficult. A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.

Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) (citing City of Canton, 489 U.S. 378; Colburn v. Upper Darby Twp., 946 F.2d 1017 (3d Cir. 1991)).

The crux of Plaintiffs' arguments is that, because the City of Harrisburg failed to provide its police officers with racial sensitivity training, the City "knew or should have known" that there was a risk of harm when white police officers interacted with residents of predominantly black neighborhoods. (Doc. No. 1 ¶¶ 55-56, 79-80.) Based on the pleadings, Plaintiffs have not raised a viable constitutional claim against Defendant City of Harrisburg because they have not alleged sufficient facts to support a finding that the failure to train the police officers constituted deliberate indifference. City of Canton, 489 U.S. at 388. Plaintiffs have not alleged that an increased risk of harm was an obvious consequence of the lack of racial sensitivity training, nor

6

have they alleged a pattern of similar constitutional violations by members of the Harrisburg Police Department. See Bryan Cnty., 520 U.S. at 409-10. Moreover, Plaintiffs have not demonstrated a "causal nexus" between the purported failure to train and the injuries alleged in the complaint. Reitz, 125 F.3d at 145. Plaintiffs merely assert that, "[t]he failure of the Defendant City of Harrisburg to provide the necessary training for its police officers was the proximate cause of the [injuries]." Such an averment of causation is no more than a "bald assertion" or "legal conclusion," which the Court need not credit when ruling on a motion to dismiss. See Morse, 132 F.3d at 906. Plaintiffs' failure to train claims are insufficiently pleaded and do not raise the "right to relief above the speculative level." Twombly, 550 U.S. at 555. Accordingly, Counts II and V of the complaint are dismissed without prejudice.

Third, Defendant City of Harrisburg also moves to dismiss all claims raised against it by Plaintiff T'Juanne Williams, arguing that she has failed to identify an actionable constitutional violation against her. (Doc. No. 10 at 5-6.) Count V is the only claim that Plaintiff T'Juanne Williams brought against the City of Harrisburg. Because the Court will dismiss Count V for failure to state a Monell claim, the Court need not determine whether Plaintiff has failed to identify an underlying constitutional violation.

## IV. CONCLUSION

Because Plaintiffs have failed to allege sufficient facts to support a claim against Defendant City of Harrisburg for failing to train its police officers, the Court will dismiss Counts II and V of Plaintiffs' complaint. The Court will, however, grant Plaintiffs leave to amend their complaint within 14 days of the date of this order, in order to correct the defects noted herein.

An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERA WILLIAMS** and | : | |
| **T'JUANNE WILLIAMS,** | : | No. 1:12-CV-1566 |
|     **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **CITY OF HARRISBURG, et al.,** | : | |
|     **Defendants** | : | |

## ORDER

**AND NOW**, on this 17th day of January 2013, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. No. 9) is **GRANTED**, and Counts II and V of Plaintiffs' complaint are **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs are granted leave to amend their complaint within 14 days of the date of this order, in order to correct the defects noted herein.

If Plaintiffs do not amend their complaint within 14 days, the Clerk of Court is directed to terminate Defendant City of Harrisburg from this action.

The Clerk of Court shall defer entering judgment until all claims have been adjudicated.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania