IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERA WILLIAMS and | : | |
| T'JUANNE WILLIAMS, | : | No. 1:12-CV-1566 |
|     Plaintiffs | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CITY OF HARRISBURG, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Presently pending before the Court is Defendant City of Harrisburg's motion for partial dismissal of Plaintiffs Tera Williams and T'Juanne Williams's amended complaint. (Doc. No. 24.) For the reasons that follow, the Court will grant the motion and dismiss Counts Two and Five of the amended complaint.

**I. BACKGROUND**

The background of this case is set forth in detail in the Court's prior order dismissing without prejudice Plaintiff's Section 1983 claims against Defendant City of Harrisburg. (Doc. No. 20.) However, the Court will briefly review the relevant procedural and factual background.[1]

On August 10, 2012, Plaintiffs initiated this action by filing a complaint against the City of Harrisburg, Officer Matthew Haflett, and four unnamed police officers. (Doc. No. 1.) In their original complaint, Plaintiffs brought four claims pursuant to 42 U.S.C. § 1983, and two state-

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiffs' factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

1

law claims. These claims arise out of an August 3, 2011 altercation between Plaintiff Tera Williams and five members of the Harrisburg Police Department. (Id. ¶ 8.) On January 17, 2013, the Court dismissed without prejudice Plaintiffs' Section 1983 claims against Defendant City of Harrisburg, because Plaintiffs failed to allege sufficient facts to impute liability on Harrisburg under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

Plaintiffs filed an amended complaint on January 31, 2013. (Doc. No. 22.) Plaintiffs' amended complaint is nearly identical to their original complaint, but contains a few additional factual details. According to the amended complaint, on August 3, 2011, Plaintiff Tera Williams called the police to report an altercation near her home. (Id. ¶¶ 8-11.) As Ms. Williams was consoling her distraught neighbor who had intervened in the fight, Officer Matthew Haflett arrived on the scene and allegedly grabbed Ms. Williams by the arm, demanding to speak with her. (Id. ¶¶ 13-17.) A verbal altercation ensued, and Plaintiffs allege that Officer Haflett "slammed [Plaintiff Tera Williams] to the ground," before handcuffing her. (Id. ¶¶ 18-22.) Plaintiffs further allege that Ms. Williams was placed in a police cruiser, dropped off at a convenience store a few blocks away, and allowed to "limp back" to her home in great pain while "bleeding profusely." (Id. ¶¶ 24-40.) Plaintiffs allege that the "assault on Plaintiff Tera Williams took place within inches of the horrified Plaintiff T'Juanne Williams.," Plaintiff Tera Williams's daughter. (Id. ¶ 26.)

On February 5, 2013, Defendant City of Harrisburg moved to dismiss all of the claims against it, arguing that Plaintiffs have failed to allege sufficient facts to impute liability on it. (Doc. No. 23.) Plaintiffs timely filed a brief in opposition on February 19, 2013. (Doc. No. 26.)

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

## III. DISCUSSION

Plaintiffs' amended complaint alleges six causes of action: (1) a Section 1983 claim, alleging several constitutional violations, brought by Plaintiff Tera Williams against the individual Defendants (Count One); (2) a Monell claim brought by Plaintiff Tera Williams

3

against Defendant City of Harrisburg (Count Two); (3) supplemental state-law claims brought by Defendant Tera Williams against the individual Defendants (Count Three); (4) a Section 1983 claim brought by Plaintiff T'Juanne Williams against the individual Defendants (Count Four); (5) a Monell claim brought by Plaintiff T'Juanne Williams against Defendant City of Harrisburg (Count Five); and (6) supplemental state-law claims brought by T'Juanne Williams against the individual Defendants (Count Six). (Doc. No. 22.) As in its motion to dismiss the original complaint, Defendant City of Harrisburg moved to dismiss Counts Two and Five of the amended complaint, the only counts that are raised against it. (Doc. No. 23.)

First, Defendant City of Harrisburg argues that the Section 1983 claims raised against it for failure to train its employees must be dismissed because Plaintiffs have failed to plead a valid Monell claim. (Doc. No. 24 at 3-7.) As in their original complaint, Plaintiffs Tera and T'Juanne Williams both assert Section 1983 claims against Defendant City of Harrisburg for failing to adequately train its employees, resulting in constitutional violations. Specifically, Plaintiffs allege that the City of Harrisburg failed to provide its officers with sensitivity training in race relations, and that the City knew or should have known that the interaction between white officers and residents of predominantly black communities "creates a risk of harm for all in emotionally charged and volatile situations." (Doc. No. 22 ¶¶ 57-58, 86-87.) Moreover, Plaintiffs allege that the City of Harrisburg "was deliberately indifferent to foreseeable constitutional use of force violations." (Id. ¶ 63.) Plaintiffs further allege that the lack of proper race relations training caused the constitutional violations lodged against the individual Defendants, arising from the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. (Id. ¶¶ 65, 89.)

As the Court explained in its order dismissing Plaintiffs' original complaint, the general rule is that "a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). However, "there are limited circumstances in which an allegation for a 'failure to train' can be the basis for [municipal] liability under § 1983." City of Canton v. Harris, 489 U.S. 378, 387 (1989). To state a claim for failure to train, a plaintiff must establish that the supervising defendant's "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388. The standard of deliberate indifference is, however, a "stringent standard of fault," which requires proof that the supervisor "disregarded a known or obvious consequence of his action." Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (citing Bryan Cnty., 520 U.S. at 409). Additionally, a "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees" may constitute deliberate indifference. Id. (quoting Bryan Cnty., 520 U.S. at 409). "A plaintiff pressing a § 1983 [failure to train] claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) (citing City of Canton, 489 U.S. 378; Colburn v. Upper Darby Twp., 946 F.2d 1017 (3d Cir. 1991)).

The Court has previously dismissed Plaintiffs' Monell claims as insufficiently pleaded. In the Court's order partially dismissing Plaintiffs' original complaint, the Court noted that

5

Plaintiffs had failed to allege sufficient facts to support a finding that the failure to train the police officers constituted deliberate indifference, that an increased risk of harm was an obvious consequence of the lack of racial sensitivity training, or that there was a pattern of similar constitutional violations by members of the Harrisburg Police Department. (Doc. No. 20 at 6-7 (citing City of Canton, 489 U.S. at 388; Bryan Cnty., 520 U.S. at 409-10).) Plaintiffs have failed to cure these defects; their amended complaint is nearly identical to their original complaint, containing only a few additional factual allegations. For instance, Plaintiffs' amended complaint alleges that their community is considered to be a trouble spot for gang disturbances. (Doc. No. 22 ¶¶ 55-56.) Moreover, in their amended complaint, Plaintiffs assert, without explanation or detail, that the City of Harrisburg "was deliberately indifferent to foreseeable constitutional use of force violations." (Id. ¶ 22.) The Court need not credit such a conclusory statement, as the assertion is not sufficient to raise their right to relief above the speculative level. See Morse, 132 F.3d at 906, 908; Twombly, 550 U.S. at 555. Moreover, as with their original complaint, Plaintiffs have failed to sufficiently plead a causal nexus between their alleged failure to train and their alleged injuries. See Reitz, 125 F.3d at 145. Plaintiffs' assertions that the City of Harrisburg failed to provide its officers with racial sensitivity training, and that it "knew or should have known" that there was a risk of harm when white police officers interacted with residents of predominantly black neighborhoods are not enough to state a Monell claim for failure to train. Thus, the Court will dismiss Plaintiffs' Monell claims against the City of Harrisburg.

Next, Defendant City of Harrisburg again argues that all claims against it by Plaintiff T'Juanne Williams must be dismissed because she has failed to sufficiently plead an underlying constitutional violation. (Doc. No. 24 at 8-11.) Because the Court will dismiss all of the claims

against the City of Harrisburg for failure to state a claim under <u>Monell</u>, the Court need not determine whether Plaintiff T'Juanne Williams has failed to identify an underlying constitutional violation.

In their brief in opposition to Defendant City of Harrisburg's motion to dismiss, Plaintiffs request leave to amend their complaint after some discovery, in the event that the Court finds that they have failed to state a claim against the City of Harrisburg. (Doc. No. 26 at 5.) Rule 15 of the Federal Rules of Civil Procedure permits amendment of pleadings once as a matter of course within 21 days of service, or, with leave of court or consent from the opposing party, where justice so requires. Fed. R. Civ. P. 15(a). Plaintiffs have been granted leave to amend their complaint, and have failed to cure the defects noted by the Court. Leave to amend, at this stage, would serve only to delay the litigation of this action. At a later stage, should Plaintiffs believe that further leave to amend their complaint is warranted, they may file a motion to that effect.

## IV. CONCLUSION

As with their original complaint, Plaintiffs have failed to allege sufficient facts to support a claim against Defendant City of Harrisburg for failing to train its police officers. Thus, the Court will dismiss Counts Two and Five of Plaintiffs' complaint.

An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERA WILLIAMS and** | : | |
| **T'JUANNE WILLIAMS,** | : | No. 1:12-CV-1566 |
|    **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **CITY OF HARRISBURG, et al.,** | : | |
|    **Defendants** | : | |

## ORDER

**AND NOW**, on this 18th day of July 2013, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. No. 23) is **GRANTED**, and Counts Two and Five of Plaintiffs' amended complaint are **DISMISSED**.

The Clerk of Court is directed to terminate Defendant City of Harrisburg from this action.

                                                                S/ Yvette Kane
                                                                Yvette Kane, Chief Judge
                                                                United States District Court
                                                                Middle District of Pennsylvania